Anoush Hakimi (State Bar No. 228858)
anoush@handslawgroup.com
Peter Shahriari (State Bar No. 237074)
peter@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
7080 Hollywood Blvd., Suite 804
Los Angeles, California 90028
Telephone: (323) 672 – 8281
Facsimile: (213) 402 – 2170

Attorneys for Plaintiff,
**SHYANN COURAGE**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHYANN COURAGE,<br><br>　　　Plaintiff,<br><br>　v.<br><br>ROIC Fullerton Crossroads, LLC, a Delaware Limited Liability Company; and Does 1-10,<br><br>　　　Defendants. | Case No.: 8:19-cv-01287-JLS-ADD<br><br><br>**PLAINTIFF'S CASE STATEMENT** |

Pursuant to the Court's July 22, 2019, (ECF Document No. 12), Plaintiff provides the following Plaintiff's Case Statement

### A. FACTS

Plaintiff suffers from psoriatic arthritis and autoimmune disease.  Her bones dislodge and do not heal properly. She has rods and screws in her lumber spine and orthopedic devices in her cervical spine. She is unable to walk or stand. Plaintiff is

1

mobility impaired and depends on a motor-powered wheelchair to move around. Defendants owned the property ("Property") located at 3204 Yorba Linda Blvd., Fullerton, California 92831, at all relevant times. There is a business establishment on the Property known as "Kohl's". Plaintiff visited the Property but when she did Defendants did not offer persons with disabilities with equivalent facilities, privileges and advantages offered by Defendants to other patrons. Plaintiff encountered barriers (both physical and intangible) that interfered with – and denied – Plaintiff the ability to use and enjoy the goods, services, privileges and accommodations offered at the Property.

## ITEMIZED LIST OF CONDITIONS

- The stall signage of the designated disabled parking spaces cannot be read because they are obstructed and covered by the branches and leaves of nearby trees 2010 CBC Code 1129B.4; ADA 4.6.4.
- The designated disabled parking spaces' adjacent access aisle measures less than 5 feet wide. 2010 CBC Code Section 1129B.3.3; 1991 ADA § 4.6.3; ADA 2010 § 502.3.
- The adjacent access aisles have broken pieces of concrete and asphalt obstructing the path of travel. 2010 CBC Code 1129B.3.1; 1991 ADA § 4.6.3; ADA 2010 § 502.3.
- The parking spaces' adjacent loading and unloading access aisle did not say "No Parking" because the paint is so faded it cannot be read. 2010 CBC 1129B.3.1.
- The disabled designated parking spaces measure less than 18 feet long. 2010 CBC Code 1129B.3; ADA 2010 § 502.2.
- The designated disabled parking spaces measure less than 9 feet wide. 2010 CBC Code 1129B.3; ADA 2010 section 502.2.

PLAINTIFF'S CASE STATEMENT

- The paint used for the designated accessible parking spaces is faded and cannot be seen. 2010 CBC 1129B.4.1.
- The street surface signage is unreadable because the paint has faded 2010 CBC Code 1129.4.1 & 2
- The International Access Symbol is so faded and worn; it cannot be read. 2010 CBC 1129B.4.1.
- The ground surface of the parking lot is severely cracked, broken and uneven. 2010 CBC Section 1133B.7.1; ADA 1991 Code § 4.5.1; ADA 2010 Code § 302.1.
- There is no marked path of travel from the disabled parking space to the entrance due to the paint being faded and not visible. 2010 CBC 1129B.3.1; ADA 1991 Code § 4.6.3; ADA 2010 Code § 502.3.
- The only path of travel from the designated disabled parking space is on uneven ground 2010 CBC Code 1120B.2; ADA 2010 section 302.1.
- The front door entrance has changes in level greater than 1/2 inch but provides no ramps 2010 CBC 1133B.7.4; ADA 2010 section 303.3.

**B. DAMAGES**

Statutory Damages. Plaintiff seeks actual damages and statutory damages. Case precedent in this jurisdiction *directs courts to award statutory minimums of $4,000 per visit where the Plaintiff was discriminated against, even where a jury awards less than $4,000 per visit.*

**C. DAMAGES**

Unfortunately, while the damages were initially modest when Plaintiff first filed this claim and sought to resolve this matter with the defendant, they have not been taken seriously by Defendant's and as a result continued litigation has ensued:

Attorney's Fees are available to recover under the ADA and the related

PLAINTIFF'S CASE STATEMENT

California state statute. Plaintiff seeks attorney's fees and costs as litigation expenses as follows:

Statutory Damages  (*not including deterred visits*): 30,000

Attorney's Fees and Costs (e.g. process service, Chambers copies and surveillance/investigation): $ 11, 255

### D. DEMAND

Plaintiff makes a demand for, including but not limited to:

- Removing the obstructions that render the stall signage illegible.
- Painting compliant adjacent access aisles.
- Repaving the parking lot so that its surface is even.
- Painting the designated disabled parking spaces to make them longer.
- Painting the desginated disabled parking spaces to make them wider.
- Painting the designated disabled parking spaces to make them clearly visible.
- Painting the desginated disabled parking spaces so that the surface signage is visible and legible.
- Painting a marked path of travel from the disabled parking spaces to the store entrance.
- Installing a ramp at the entrance to the store.

Plaintiff may also discover additional architectural barriers which he did not personally encounter yet and are not alleged thus far. If Plaintiff discovers additional violations, he will demand their compliance with the ADA also as allowed by case precedent.

Plaintiff's demand for damages and attorney's fees, including fees, litigation costs and expenses, is $ 41,255.

### E. CONCLUSION

The above amounts are limited to attorney's fees and costs which have been

PLAINTIFF'S CASE STATEMENT

incurred as of August 1, 2019. They do not include future expenses which will

likely be incurred through the mediation date. A formal mediation will necessarily

require the attendance of Plaintiff's counsel.


DATED:  August 1, 2019          THE LAW OFFICE OF HAKIMI & SHAHRIARI



                                By:    /s/ Peter Shahriari, Esq._____
                                       PETER SHAHRIARI, ESQ.
                                       Attorneys for Plaintiff Shyann Courage

5

PLAINTIFF'S CASE STATEMENT